IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> TORY LENARD TROUP, <br> FRANKLIN BENSON TROUP, and <br> RODRIGUEZ REDDING | CRIMINAL ACTION NO. <br><br> 1:18-cr-00344-SCJ-CMS |

## **NON-FINAL REPORT AND RECOMMENDATION**

Currently before the Court are three motions to dismiss filed by Tory Lenard Troup, Franklin Benson Troup, and Rodriguez Redding (collectively "Defendants") [Docs. 117, 128, 137] and a motion to suppress filed by Tory Troup. [Doc. 180]. For the reasons that follow, I will recommend that the district judge deny each of these motions.

On September 4, 2018, a grand jury in the Northern District of Georgia returned a two-count indictment against Defendants and three others, alleging that they participated in a drug distribution conspiracy in violation of 21 U.S.C. § 846 and a money laundering conspiracy in violation of 18 U.S.C. § 1956. [Doc. 1]. According to the indictment, both conspiracies began as early as November 2008 and continued through at least March 2018. [*Id.* at 1, 2].

A.	**Motions to Dismiss**

In virtually identical motions to dismiss, Defendants state that "the evidence in this case, particularly as demonstrated by the Rule 16 discovery, does not allege any act within the applicable statute of limitations." [Docs. 117, 128, 137 at 1]. They ask the Court to hold an evidentiary hearing "to determine whether or not the indictment should be dismissed at this stage of the proceedings rather than at a trial for violation of the statute of limitations." [Id. at 2]. Although Defendants have not cited any legal basis for their request, I have assumed that they are relying upon Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which allows a defendant to move for dismissal prior to trial for failure to state an offense.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). The Eleventh Circuit has held that an indictment is sufficient if it tracks the wording of the statute, so long as the language sets forth the essential elements of the crime. See United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). In ruling on a motion to dismiss, "[t]he sufficiency of a criminal indictment is determined from its face." Id.

(reversing a trial court's dismissal where the court had considered facts that the Government stated it intended to prove at trial); see also United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (reversing a trial court's post-trial dismissal where the court considered the evidence that had been presented at trial).

The two statutes at issue in this case—21 U.S.C. § 846 (drug conspiracy) and 18 U.S.C. § 1956 (money laundering conspiracy)—do not require proof of an overt act in furtherance of the conspiracy; for purposes of those statutes, the act of conspiring is all that is necessary. *See, e.g., United States v. Shabani*, 513 U.S. 10, 17 (1994) (holding that "the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846"); *Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("[w]e hold that conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy"). The Eleventh Circuit has held that when an indictment charges violation of a conspiracy statute that does not require proof of an overt act, such as the statutes in this case, "the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." *United States v. Starrett*, 55 F.3d 1525, 1550 (11th Cir. 1995) (citation and quotation marks omitted). The indictment in this case alleges that both

conspiracies continued through at least March 2018, well within the five-year statute of limitations periods for those crimes provided by 18 U.S.C. § 3282. [Doc. 1 at 1–2]. Thus, with respect to the statute of limitations, the indictment is legally sufficient on its face.

Defendants ask the Court to hold an evidentiary hearing to determine whether the charges are barred by the applicable statute of limitations. In *United States v. Critzer*, the defendant made a similar request of the district judge, asking the trial court to dismiss the indictment prior to trial. In response, the Government "gratuitously listed the facts that it expected to prove at trial and explained how those facts constituted the offense charged." *Critzer*, 951 F.2d at 307. The trial court then "looked beyond the face of the indictment," considered the facts that the Government had (gratuitously) proffered and granted the motion to dismiss. The Eleventh Circuit reversed, stating:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pretrial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment

> is determined from its face. The indictment is sufficient if it charges in the language of the statute.

*Id.* at 307. In this case, Defendants are inviting error by asking the Court to dismiss the indictment based on facts that may be produced at trial; as discussed above, the Court is limited to reviewing the face of the indictment.

United States District Judge Michael L. Brown recently rejected a defendant's request that he make a pretrial determination regarding the sufficiency of the Government's evidence. There, the defendants argued that certain facts could not, as a matter of law, amount to the crime charged, but Judge Brown refused to undertake that analysis, stating:

> There are moments in a criminal prosecution when a district court can make that determination. Federal Rule of Criminal Procedure 29, for example, allows a court to make such an assessment at the close of the United States's case. Likewise, Federal Rule of Criminal Procedure 11(b)(3) says a court cannot accept a guilty plea unless it determines there is a factual basis for the plea. This means a court must determine that the facts proffered by the United States and admitted by a defendant provide evidence from which the Court "could reasonably find that the defendant was guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005). But, we are not at either of those points. . . . The Court will address [the sufficiency of the evidence] when the evidence is presented to a jury at trial or to the Court at a plea hearing.

*United States v. Autry*, No. 1:18-cr-404-MLB-CMS, Docket No. 189 at 6–8 (N.D. Ga. March 3, 2020).

Judge Brown's reasoning is applicable to this case as well.  Now is not the time—and a pretrial motion to dismiss is not the proper vehicle—to evaluate the merits of the Government's case or the merits of Defendants' statute of limitations defense.  Accordingly, I will recommend that the motions to dismiss be denied.

### B.   Tory Troup's Motion to Suppress

On September 27, 2019, Tory Troup filed a motion to suppress in which he states:

> Troup was stopped by police officers in Michigan in 2014. Upon information and belief, the police seized Troup's phone and did a cellbrite download of data contained in the phone. The discovery in this case contains evidence that could have only been obtained from the information contained in Troup's cell phone.  The phone was seized without probable cause and without a warrant and is therefore presumptively subject to suppression.

[Doc. 180].  On March 3, 2020, the Government advised me that it does not intend to introduce any evidence from that Michigan traffic stop at the trial of this case.  Accordingly, the motion to suppress should be denied as moot.

### CONCLUSION

For the reasons stated, I **RECOMMEND** that the three motions to dismiss based on the statute of limitations [Docs. 117, 128, 137] be **DENIED**.  I further **RECOMMEND** that Tory Troup's motion to suppress [Doc. 180] be **DENIED AS MOOT**.  Numerous additional pretrial motions are still pending before me.

**SO ORDERED** this 17th day of March, 2020.

_____
CATHERINE M. SALINAS
United States Magistrate Judge